# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BEVERLY A. THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-07-022-SPS |
| ) | |
| MERCY MEMORIAL HEALTH ) | |
| CENTER, INC., an Oklahoma ) | |
| corporation, MERCY HEALTH ) | |
| SYSTEM, INC., an Oklahoma ) | |
| corporation, and SISTERS of ) | |
| MERCY of the ST. LOUIS ) | |
| REGIONAL COMMUNITY, INC., ) | |
| a foreign corporation, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER GRANTING IN PART AND
## DENYING IN PART THE DEFENDANTS' MOTIONS TO DISMISS

This is an employment discrimination action by the Plaintiff Beverly Thomas against the Defendants Mercy Memorial Health Center, Inc., Mercy Health System, Inc., and Sisters of Mercy of the St. Louis Regional Community, Inc. (hereinafter collectively referred to as the "Defendants"). The Plaintiff contends she was fired for being absent from work for reasons relating to her own health and that of her critically ill husband in violation of the federal Family Medical Leave Act, 29 U.S.C. § 2601- § 2654 (the "FMLA"). She also contends she was wrongfully discharged in violation of Oklahoma public policy because her firing was motivated by the Defendants' desire to avoid the health insurance costs of her husband's illness. *See generally Burk v. K-Mart Corp.*, 1989 OK 22, ¶ 17, 770 P.2d 24, 28 ("An employers termination of an at-will employee in contravention of a clear mandate of public policy is a tortious breach of contractual obligations."). The Defendants filed motions

to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *See* Docket Nos. 14 & 15. For the reasons set forth herein, the Court finds that the motions to dismiss should be granted with respect to the wrongful discharge claim but denied with respect to the FMLA claim.

**A. Analysis**

The Defendants argue that the FMLA claim should be dismissed because the Plaintiff was not employed for the twelve-month period immediately preceding her termination and was therefore not an "eligible employee." *See* 29 U.S.C. § 2611(2)(A) ("The term 'eligible employee' means an employee who has been employed (i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period."). The Defendants argue that the *Burk* tort should be dismissed: (i) because there is no Oklahoma public policy favoring protecting health insurance in private employment; and, (ii) there are adequate statutory remedies for any disability discrimination relating to the Plaintiff's association with her husband.

With regard to a Rule 12(b)(6) motion to dismiss, "[a]ll well-pleaded factual allegations in the complaint are accepted as true . . . and viewed in the light most favorable to the nonmoving party[.]" *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997), *citing Ash Creek Mining Co. v. Lujan*, 969 F.2d 868, 870 (10th Cir. 1992) and *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Thus, as is alleged in the complaint, the Plaintiff was employed by the Defendants' successor in interest during 1991,

1992, and 1994. She first worked for the Defendants themselves from January 2002 through May 2003. The Plaintiff returned in April 2004 and continued until she was fired in January 2005, after being absent from work on several occasions because of her own health problems and those of her husband. During this second period of employment, the Plaintiff worked a total of 1,415 hours. She gave notice of her need for time off on each occasion, but instead of providing her with information about the FMLA, the Defendants concluded she was not eligible for such benefits because she had not been employed for the last twelve months.

### 1. The FMLA claim.

It should be noted at the outset that the FMLA does not specifically condition eligibility on employment for twelve consecutive months. On the contrary, "[t]he term 'eligible employee' means an employee who has been employed (i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A).[1] The Defendants argue, however, that a "common sense and straightforward reading" of Section 2611(2)(A) indicates that both of these eligibility requirements must occur at the same time, *i. e.*, within the twelve months immediately preceding the requested FMLA leave. The Defendants admit there is very little case law on this point but do cite *Rucker v. Lee Holding Co.*, 419 F. Supp. 2d 1 (D. Ma.), *rev'd,* 471 F.3d 6 (1st Cir. 2006), in which it was determined by the district court that the plaintiff was "not

---

[1] The Defendants do not dispute that the Plaintiff has sufficiently alleged in her complaint that she was "employed . . . for at least 1,250 hours of service . . . during the previous 12-month period." 29 U.S.C. § 2611(2)(A)(ii).

an eligible employee under the twelve-month work requirement of the FMLA" because he could not "combine his most recent stint of employment with his previous five years of service[.]" *Id.* at 3.

The Plaintiff argues, on the other hand, that Section 2611(2)(A)(i) is ambiguous and should therefore be interpreted in accordance with regulations adopted by the United States Department of Labor (the "DOL") under authority granted by Congress. *See* 29 U.S.C. § 2654 ("The Secretary of Labor shall prescribe such regulations as are necessary to carry out subchapter I of this chapter and this subchapter[.]"). The regulation cited by the Plaintiff explains the FMLA's eligibility requirement in question as follows: "The 12 months an employee must have been employed by the employer need not be consecutive." 29 C.F.R. § 825.110(b). In support of this argument, the Plaintiff cites the opinion of the circuit court in *Rucker*, which found both the statute and the regulation were ambiguous but nevertheless determined that the regulation applied and that the twelve month period of employment required by Section 2611(2)(A)(i) did have to be consecutive or continuous. *Rucker v. Lee Holding Co.,* 471 F.3d 6, 13 (1st Cir. 2006) ("Therefore, consistent with the DOL regulation, as interpreted by the DOL, we hold that the complete separation of an employee from his or her employer for a period of years, here five years, does not prevent the employee from counting earlier periods of employment toward satisfying the 12-month requirement."). The Defendants reply that the regulation is entitled to no deference because interpretation of the statute is a question of law outside the expertise of the DOL. *See, e. g., Ayala-Chavez v. I.N.S.*, 945 F.2d 288, 294 (9th Cir. 1991) ("Questions of law that can be answered with

'traditional tools of statutory construction' are within the special expertise of courts, not agencies, and are therefore answered by the court de novo."), *superceded by statute on other grounds by Arthurs v. I.N.S.*, 959 F.2d 142 (9th Cir. 1992). *See also Colorado Public Utilities Commission v. Harmon*, 951 F.2d 1571, 1579 (10th Cir. 1991) (finding that a "preemption determination involves matters of law - an area more within the expertise of the courts than within the expertise of the Secretary of Transportation.").

The Court is not convinced that Section 2611(2)(A)(i) is ambiguous. *See, e. g., Bell v. Prefix, Inc.*, 422 F. Supp. 2d 810, 813 (E.D. Mich. 2006) ("[I]f Congress had intended to require 12 months of continuous employment, it could simply have done so by using the same language in both provisions. The plain language of the statute does not, therefore, support Defendant's contention that the 12 months must be continuous."). *But see Rucker*, 471 F.3d at 10-11 (rejecting the defendant's argument based on *Bell* because "the two eligibility requirements are not sufficiently parallel to draw definitive conclusions from the difference in language."), *citing City of Columbus v. Ours Garage & Wrecker Service, Inc.*, 536 U.S. 424, 435-36 (2002). Nor is the Court convinced that resolution of any ambiguity in the statute (if indeed there is ambiguity) is within the special expertise of the DOL. *See, e. g., Coca-Cola Co. v. Atchison, Topeka & Santa Fe Railway,* 608 F.2d 213, 218-19 (5th Cir. 1979) (noting that "statutory interpretations . . . involve mainly questions of law" and "are freely reviewable by the courts; the courts are under no obligation to defer to [agency] legal conclusions."). But the Court *is* persuaded that the correct result was reached by the circuit court in the *Rucker* case, *i. e.*, the twelve months of employment required for FMLA

eligibility by Section 2611(2)(A)(i) need not be consecutive or continuous. *See Rucker,* 471 F.3d at 13.[2] If Congress had intended otherwise, it could simply have used the words "consecutive" or "continuous" in the statute. Further, if Congress had intended what the Defendants urge here, *i. e.*, that both the Section 2611(2)(A)(i) requirement as to length of employment and the Section 2611(2)(A)(ii) requirement as to number of hours be established within the twelve months immediately preceding the request for benefits, there would be no need for separate subsections; the statute could simply read "[t]he term 'eligible employee' means an employee who has been employed for the previous 12 months by the employer with respect to whom leave is requested under section 2612 of this title and has at least 1,250 hours of service with such employer during that period." The plain language of Section 2611(2)(A)(i) does not support the interpretation urged by the Defendants.

Because the Court finds that Section 2611(2)(A)(i) does not require employment for the twelve months immediately preceding any FMLA absences, the allegations contained in

---

[2] Indeed, the district court in *Rucker* might well have reached the same result as the circuit court on the facts of *this* case: "This regulation [29 C.F.R. § 825.110(b)] clearly contemplates that twelve non-consecutive months are adequate to establish eligibility for an employee who maintains an ongoing relationship with his employer, and whose attendance might be interrupted by brief periods. While it accommodates individuals whose employment might be intermittent or casual, it makes no allowance for an employee who severs all ties with the employer for a period of years before returning." 419 F. Supp. 2d at 3. Here, it would seem that the Plaintiff's employment with the Defendants can be fairly characterized as "intermittent," as the time she was not employed was some eleven months and thus not "a period of years." Thus, the district court's concern in *Rucker* (and the Defendants' concern here as well) that an employee might leave employment for lengthy periods but return to immediate eligibility under the FMLA, *see id.* ("The Court cannot imagine that the legislature would, without discussing or debating the issue, draft a statute allowing an employee to leave an employer for years or decades, only to return and immediately become an eligible employee under the twelve-month requirement."), clearly does not apply to this case. In any event, as the circuit court noted, eligibility would not be immediate because the returning employee would still be required to work 1,250 hours under Section 2611(2)(A)(ii) before becoming eligible. *See* 471 F.3d at 10, n.2

the Plaintiff's complaint satisfy the eligibility requirements of the FMLA. The Defendants' motions to dismiss should therefore be denied, at least to the extent they challenge her FMLA claim. *Accord, Lange v. Showbiz Pizza Time, Inc.*, 12 F. Supp. 2d 1150, 1153, n.1 (D. Kan. 1998) ("Although the face of the plaintiff's complaint indicates that he was employed by defendant for less than 12 months at the time he began his leave, plaintiff also alleges in his complaint that he had been employed by defendant's predecessor company at some point prior to his employment with defendant. Bearing in mind the applicable standards at the motion to dismiss stage, the court concludes that plaintiff may be able to prove a set of facts in support of his theory that he is an 'eligible employee' within the meaning of the FMLA.").

## 2. The *Burk* tort claim for wrongful discharge.

The Plaintiff contends that the Defendants fired her not only because of her absences but also because they wanted to avoid any health insurance costs related to her husband's lung cancer. She argues that this motivation violated Oklahoma public policy and that she may therefore assert a *Burk* wrongful discharge claim against the Defendants. The specific public policy interests the Plaintiff claims were violated by the Defendants are: (i) the right to maintain employment-related health insurance; and, (ii) the prohibition against handicap discrimination in employment. The Court is unpersuaded by this argument and finds that the *Burk* tort claim should be dismissed.

First, there is no public policy protecting heath insurance in private employment in Oklahoma. *See, e. g., Barker v. State Insurance Fund*, 2001 OK 94, ¶ 17, 40 P.3d 463, 468-69 ("The fundamental problem in all public policy cases is defining what is a specific,

well-established, clear and compelling public policy."). *See also Burk*, 1989 OK 22, ¶ 21, 770 P.2d at 29 ("[C]ourts will be able to screen cases on motions to dismiss for failure to state a claim or for summary judgment if the discharged employee cannot allege a clear expression of public policy.") [quotation omitted]. A *Burk* wrongful discharge claim must be supported by a public policy found "in existing constitutional, statutory or jurisprudential law." *Barker*, 2001 OK 94, ¶ 14, 40 P.3d at 468, *citing Clinton v. State of Oklahoma, ex rel. Logan County Election Board*, 2001 OK 52, ¶ 10, 29 P.3d 543, 546. The Plaintiff points to two sources of authority for a public policy protecting employee health insurance: (i) the decision of the Oklahoma Supreme Court in *Christian v. Metropolitan Life Insurance Co.*, 1977 OK 132, 566 P.2d 445; and; (ii) various Oklahoma statutes pertaining to health insurance. *See, e. g.,* 36 Okla. Stat. § 6534 (guaranteeing health insurance coverage under the Health Insurance High Risk Pool Act for individuals who have been rejected for insurance at least twice); 36 Okla. Stat. § 2028 (continuing benefits under the Life and Health Insurance Guaranty Association Act when insurance companies become insolvent); 74 Okla. Stat. §§ 1301-1328 (guaranteeing insurance benefits to state employees and their dependents under the State and Education Employees Group Insurance Act); 11 Okla. Stat. § 23-108 (guaranteeing benefits to municipal employees); and 36 Okla. Stat. § 3639(d) (requiring notice by an insurer before refusing to renew a commercial insurance policy).

These authorities are clearly "far too slender a reed upon which to base a public policy tort." *Wilburn v. Mid-South Health Development, Inc.*, 343 F.3d 1274, 1281 (10th Cir. 2003), *quoting McKenzie v. Renberg's, Inc.*, 94 F.3d 1478, 1488 (10th Cir. 1996). *Christian* is

clearly inapposite; it involved the modification of a disability policy that was retroactively applied to deny benefits to an employee who was already disabled at the time of the modification. As such, it stands not for a public policy protecting an employee's health insurance benefits, but rather for the unremarkable application of basic contract principles. *See* 1977 OK 132, ¶ 19, 566 P.2d at 449 ("Rights of parties become fixed at time liability attaches under an insurance policy. Christian is a third party beneficiary of the insurance policy and after liability of Company attached at time he became disabled, neither Company nor Christian could do anything which would alter his rights as a third party beneficiary of the policy.").

Neither do the statutes cited by the Plaintiff support any public policy protecting employee health insurance. *See generally Barker*, 2001 OK 94, ¶ 24, 40 P.3d at 470 ("Although the *Burk* tort is firmly rooted in the common law, our cases recognize that the clear mandate of public policy may be articulated by a state statute. However, not every statute sets forth a mandate of public policy upon which a *Burk* tort may be based. Unless a statute specifically articulates an established and well-defined Oklahoma public policy, the statute may not be relied upon to support a common law *Burk* tort.") [citations omitted]. The only statutes that have anything to do with health insurance in the employment setting deal with public employers, not private, and therefore do not apply to the Defendants. *See Wilburn*, 343 F.3d at 1279 ("[A]n employee cannot articulate a public policy that would prevent his or her termination if that policy is based on laws that do not apply to the employer."), *citing Griffin v. Mullinix*, 1997 OK 120, ¶¶ 12-17, 947 P.2d 177, 179. Nor do

any of the statutes purport to limit the Defendants' actions in any way. *See Shero v. Grand Savings Bank*, 2007 OK 24, ¶ 10, 161 P.3d 298, 301 ("The Act does not purport to limit the actions of an employer."), *quoting Pearson v. Hope Lumber and Supply Co.*, 1991 OK 112, ¶ 7, 820 P.2d 443, 445. The Plaintiff thus searches in vain for an Oklahoma public policy protecting private employee health insurance.

Second, although there clearly *is* an Oklahoma public policy prohibiting handicap discrimination in employment, *see Atkinson v. Halliburton Co.*, 1995 OK 104, ¶ 8, 905 P.2d 772, 774 ("There can be no doubt that handicap discrimination in the workplace is a clear contravention of the public policy declared by [the Oklahoma Anti-Discrimination Act, 25 Okla. Stat. §§ 1101-1901]. Therefore, we find that a handicap motivated discharge comes within the protection of *Burk*."), that policy would apparently not support a *Burk* wrongful discharge claim here, as the Plaintiff contends she was fired for her husband's handicap, not her own. *See, e. g., Gabler v. Holder & Smith, Inc.*, 2000 OK CIV APP 107, ¶ 48, 11 P.3d 1269, 1278 ("While it may be morally suspect to discharge an employee based solely on a familial relationship, we are unaware of any public policy articulated by constitutional, statutory, or decisional law that protects an employee from discharge for that reason."). In any event, there is an adequate federal remedy for the discrimination the Plaintiff complains of under the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12101-12300, *see* 42 U.S.C. § 12112(b)(4) ("As used in subsection (a) of this section, the term 'discriminate' includes . . . excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known

to have a relationship or association[.]"), and a *Burk* wrongful discharge claim is precluded thereby.[3] *See Clinton,* 2001 OK 52, ¶ 9, 29 P.3d at 546 ("[W]e hold the existence of a federal statutory remedy that is sufficient to protect Oklahoma public policy precludes the creation of an independent common law claim based on a public policy exception to the employment-at-will doctrine."). *See also Tesh v. United States Postal Service*, 215 F. Supp. 2d 1220, 1230 (N.D. Okla. 2002) ("Plaintiff has a federal statutory remedy under the Rehabilitation Act which adequately protects any policy Oklahoma has against handicap discrimination. Plaintiff is, therefore, precluded from asserting a *Burk* claim in this case and has failed to state a claim for which relief can be granted under Oklahoma law.") [citation omitted]. *But see Saint v. Data Exchange, Inc.,* 2006 OK 59, 145 P.3d 1037 (determining that a *Burk* wrongful discharge claim was available for age discrimination claims *for state constitutional reasons* notwithstanding the availability of a remedy under the federal Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634). And although a federal claim under the ADA would apparently be barred at this point, a *Burk* wrongful discharge claim

---

[3] The Defendants argue that an adequate remedy is also available under the OADA. The Plaintiff responds that the OADA does not provide a remedy for associational discrimination. Neither party offers any authority, but the availability of a statutory remedy under the OADA would not preclude a *Burk* wrongful discharge claim in any event. *See Atkinson*, 1995 OK 104, ¶ 10, 905 P.2d at 774 ("We likewise find that the [OADA] does not provide exclusive remedy for handicap discrimination. The plaintiff may pursue a tort claim for discharge from employment in violation of public policy without pleading the statutory claims authorized by the Act."). The Plaintiff would, however, be required to exhaust her administrative remedies under the OADA before filing *either* claim. *See id.* at ¶ 24, 905 P.2d at 777 ("[Section] 1901 of the [OADA] merely codifies [the *Burk*] cause of action in cases of discriminatory practices based on handicap . . . [N]othing in *Burk* would prohibit the legislature from requiring that an administrative solution be attempted first, so long as the statutory procedures allow final resort to the courts in the event of the dissatisfaction of the aggrieved party with the administrative result.").

may not be employed to avoid the requirements of any corresponding statutory remedies. *See Atkinson*, 1995 OK 104, ¶ 15, 905 P.2d at 776 ("Plaintiff argues that the administrative scheme outlined in the [OADA] is permissive and may be utilized or not utilized at the discretion of the charging party. We do not agree. An examination of the language of § 1901 of the Act rebuts plaintiff's assertion. Applying established tools of statutory interpretation, we find that the administrative scheme of the Act was designed to precede resort to the courts.").

In summary, a *Burk* wrongful discharge claim is unavailable to the Plaintiff in this case, so the Defendants' motions to dismiss should be granted to that extent.

### B.  Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that the Defendants Mercy Memorial Health Center, Inc.'s and Mercy Health System, Inc.'s Motion to Dismiss Plaintiff's Complaint and Brief in Support [Docket No. 14] and the Defendant Sisters of Mercy of the St. Louis Regional Community, Inc.'s Motion to Dismiss Plaintiff's Complaint and Brief in Support [Docket No. 15] are DENIED with respect to the Plaintiff's FMLA claim and GRANTED with respect to her state law wrongful discharge claim.

**IT IS SO ORDERED** this 29th day of August, 2007.

_____
**Steven P. Shreder**
**UNITED STATES MAGISTRATE JUDGE**